PULSAR COMPONENTS INTERNATIONAL, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pulsar Components Int'l v. Commissioner
Docket No. 15172-92
United States Tax Court
T.C. Memo 1993-492; 1993 Tax Ct. Memo LEXIS 502; 66 T.C.M. (CCH) 1119; October 26, 1993, Filed *502 An order denying respondent's motion for partial summary judgment will be issued. For petitioner: Charles R. Goulding. For respondent: George Soba. LARO
LARO
MEMORANDUM OPINION LARO, Judge: Respondent moves pursuant to Rule 121 [1] *503 for an order granting partial summary judgment in her favor. Respondent contends that the sole issue in this case is whether the compensation Pulsar Components International, Inc. (petitioner), paid to Thomas Laviano and Peter Woll (collectively referred to as Employees and separately referred to as Laviano and Woll, respectively), in excess of the compensation provided in employment agreements between Employees and petitioner, was ordinary and necessary under section 162. Respondent claims that she is entitled to summary adjudication in her favor because, as a matter of law, the additional compensation was not ordinary and necessary under section 162. Petitioner objects to respondent's motion, and asserts that there are disputed issues of material fact. [2] We agree with petitioner and will deny respondent's motion for partial summary judgment. Employees cofounded petitioner in September 1982; petitioner commenced business on December 1, 1982. From its inception through July 1985, petitioner's shareholders were as follows: Shareholder
Percentage of Shares Owned
Laviano
55
Woll
40
John Laviano
5
From November 1982 through July 1985, *504 petitioner's directors consisted of the three shareholders: Laviano was the president and chairman; and Woll was the secretary, vice president, and treasurer. [3]
On November 5, 1982, petitioner entered into 3-year employment agreements with Employees. The employment agreements provided that Employees would be paid $ 650,000 per year for their services, starting on November 5, 1982. From November 1982 through July 1985, petitioner paid Laviano and Woll the following compensation: Petitioner's
Fiscal Year Laviano's Compensation
Woll's Compensation
7/31/83
$ 11,000  $ 15,000  7/31/84
729,000
720,000
7/31/85
1,461,000
1,461,000
Total
$ 2,201,000
$ 2,196,000
Respondent disallowed $ 822,000 in officers' compensation deducted by petitioner for its fiscal year ended July 31, 1985, and, as a result thereof, determined a $ 382,771 deficiency in petitioner's Federal income tax for that year. [4] Respondent *505 issued petitioner a notice of deficiency reflecting this determination on May 8, 1992. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. ; . A decision on the merits of a taxpayer's claim can be made via summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show there is no genuine issue as to any material fact and that a decision may be rendered *506 as a matter of law." Rule 121(b). Because summary judgment decides against a party before trial, we grant such a remedy cautiously and sparingly, and only after carefully ascertaining that the moving party has met all the requirements for summary judgment. ; . The Court will not resolve disagreements over material factual issues in a summary judgment proceeding. . The burden of proving that there is no genuine issue of material fact is on the moving party, and factual inferences are viewed in the light most favorable to the nonmoving party. ; . A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties." 10A Wright et al., Federal Practice and Procedure: Civil, sec. 2725, at 93 (2d ed. 1983). Section 162(a)(1) generally provides that a taxpayer *507 may deduct all the "ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including * * * a reasonable allowance for salaries or other compensation for personal services actually rendered". Respondent asks us to hold that petitioner's compensation paid to Employees is not ordinary and necessary as a matter of law to the extent that the payments exceeded the amounts payable under the employment agreements. This we cannot do. An ordinary and necessary expense under section 162(a) means that the expense bears a reasonable and proximate relation to the underlying trade or business. ; see also ("Our decisions have consistently construed the term necessary as imposing only the minimal requirement that the expense be appropriate and helpful for the development of the [taxpayer's] business" (citations and quotation marks omitted; brackets in original)); (an ordinary expense is an expense that *508 relates to a transaction of "common or frequent occurrence in the type of business involved"). The questions of reasonableness and proximity of Employees' compensation are factual determinations left to the Court, as the trier of fact. . We hold that there are genuine issues as to material facts necessary to make our determination. To reflect the foregoing, An appropriate order denying respondent's motion for partial summary judgment will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.↩
2. Petitioner generally contends that: (1) Thomas Laviano and/or Peter Woll contested the amounts they received pursuant to the employment agreements, (2) Employees did not receive additional salary only because petitioner had cash-flow considerations, (3) it deliberately and substantially underpaid Employees, and would have paid them greater amounts for their services, if it had a sufficient cash-flow, (4) an examination of salaries paid by comparable competitors would establish that the compensation paid to Employees was reasonable, (5) material facts are in dispute concerning the contractual salary amounts paid to Employees, and (6) the compensation paid to Employees should be in excess of the contractual amounts because petitioner did not provide promised fringe benefits to the Employees.↩
3. The parties have not stated the position on the board of directors held by John Laviano.↩
4. The disallowed amount of $ 822,000 equaled the difference between: (1) The total compensation paid by petitioner to Employees for the 33-month period from November 1982 to July 1985 (i.e., $ 4,397,000), and (2) 33 months of compensation determined from the $ 650,000 per year amount provided in the employment agreements (i.e., $ 3,575,000).↩